Mr. Justice Clayton
delivered the opinion of the court. . ,
This was a distress for rent sued out by the lessor against the administrator of the lessee. A motion was made in the court below to quash the attachment or warrant of distress, which was sustained, and the cause thence comes to this court.
Two positions are relied on in support of this action of the court; first, that, by the statute, the remedy is given against the tenant alone, and not against his representatives ; or, if this be erroneous, then that the affidavit made to obtain the warrant of distress was insufficient.
*324 The words of the statute, regulating the proceeding in .this instance are, “ The executors and administrators of any person or persons, having rent in arrear, or due upon any demise or lease for life or lives, or for years or at will, although the same be determined, shall and may have the like remedy, by action of debt or by distress, against the person who ought to have paid the same, his or her executors or administrators, as the testator or intestate, if living, might or could have done.” Hutch. Code, 812, sec. 22. The first section of the act provides the mode in which the landlord might proceed against the tenant.
By the common law, and by the English statute, 32 Hen. 8, c. 37, the remedy by distress was confined to the lessor himself and his representatives against the tenant, in tail, in fee, or for life, and his representatives, but did not extend to the executors of tenants for years. Comyn, Landl. & Ten., 4 Law Lib. 208. But our statute is more comprehensive, and extends the remedy expressly against the representatives of tenants for years. We think therefore the objection cannot be sustained.
Neither do we think the objection to the affidavit is valid. The statement is, that “ John Bobb, administrator of the estate of Petér Mintzer, is justly indebted to Margaret Smith.” This is something more than a mere descriptio personae.; it is a statement of _the character in which the debt is due. The administrator represents the estate of the decedent; he is clothed with the legal title, and is liable in his character of administrator for its debts. 1 Grattan, 87; Steele v. McDowell, 9 S. & M. 200. The allegation that he is indebted as administrator, is sufficient to charge the estate, if the proof makes out the liability.
■These are the points mainly relied on in argument, and we do not deem it necessary to notice'the others.
The judgment of the court below is reversed, and the cause remanded, with directions that the warrant of distress be sustained, and farther proceedings had according to law.
Judgment reversed.